# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| APTUSTECH LLC § | |
| § | |
| v. § | Civil Action No. 4:19-CV-00133-ALM |
| § | Judge Mazzant |
| TRIMFOOT CO., LLC § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Trimfoot Co., LLC's ("Trimfoot") Motion to Dismiss for Improper Venue (Dkt. # 9). Having reviewed the motion and relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On February 22, 2019, Plaintiff AptusTech LLC ("AptusTech") sued Defendant Trimfoot for infringement of U.S. Patent No. 8,387,284 ("the '284 Patent") entitled "Footwear, Clothing and Other Apparel With Interchangeable Toe and Heel Members or Other Ornaments and Related Methods and Systems." (Dkt. #1 ¶ 10). The '284 Patent essentially centers around "customizable footwear with interchangeable accessories." (Dkt. #1 ¶ 9). According to AptusTech, "[a] company by the name of Lindsay Phillips began manufacturing and selling lady's sandals and shoes in 2009 that featured decorative ornaments that could be attached to or removed from the shoes." (Dkt. #1 ¶ 15). In 2013, Trimfoot acquired the assets of Lindsay Phillips "and since then has continued to manufacture, sell, and/or offer for sale to customers within the United States various footwear products under the Lindsay Phillips brand name." (Dkt. #1 ¶ 15). In its Complaint, AptusTech asserted that venue was proper in the Eastern District of Texas because

> Trimfoot advertises and represents on its internet website that it has stores located through this District that sell or offer for sale its Lindsay Phillips brand footwear that is being accused of infringement. In particular, Trimfoot represents on its

website that it has four stores at the following locations: 1105 Central Expressway, North #100, Allen, TX [("the Allen Store")], 1505 Judson Road, Longview, TX [("the Longview Stores")], 2301 Claridge Circle, Plano, TX [("the Plano Store")] and 109 8th Street, Tyler, TX [("the Tyler Store")].

(Dkt. #1 ¶ 5).

In response, on April 22, 2019, Trimfoot filed the present motion to dismiss for improper venue (Dkt. #9).  On May 8, 2019, the Court granted an unopposed request for an extension of time to respond to the motion and to take limited venue-related discovery (Dkt. #12).  After the extension and the venue-related discovery, on June 3, 2019, AptusTech filed a response to the motion (Dkt. #16).  On June 10, 2019, Trimfoot filed its reply (Dkt. #18) and AptusTech filed a sur-reply on June 17, 2019 (Dkt. #20).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3).  It has been held "as a matter of Federal Circuit law that, upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue. *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted).  The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)).  In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238.  If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

2

**ANALYSIS**

Trimfoot argues the venue in the Eastern District of Texas is improper. AptusTech responds that Trimfoot's venue challenge is untimely and that, regardless, venue is proper. The Court addresses the timeliness of the motion and then discusses the merits.

### I. Timeliness

AptusTech argues that Trimfoot did not timely object to venue. AptusTech asserts that Trimfoot was served on February 27, 2019, making its answer or other responsive pleading due on March 20, 2019. According to AptusTech, on March 18, 2019, Trimfoot filed an unopposed application for extension of time to answer AptusTech's complaint; however, Trimfoot did not request an extension of time to file other responsive pleadings (Dkt. #6). Thus, AptusTech avers that Trimfoot's April 22, 2019 motion to dismiss for improper venue is late and should not be considered. Trimfoot responds that extending the answer deadline necessarily extends the deadline to file a motion to dismiss for improper venue.

Federal Rule of Civil Procedure 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982). A Rule 12(b) motion "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Moreover, under Federal Rule of Civil Procedure 12(h)(1), "[a] party waives any defense listed in rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)" or by failing to assert the defense in a motion or in the responsive pleading. FED. R. CIV. P. 12(h)(1)(A). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party

3

but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2).  Accordingly, a party must assert any Rule 12(b)(3) motion that is available at the time it files any Rule 12 motion. *Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys, LLC*, No. 2:15-cv-37, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) (citing *Peacock v. Ins. & Bonds Agency of Tex., PLLC*, No. 3:12-CV-1710-D, 2012 WL 3702920, at *1 (N.D. Tex. Aug. 28, 2012)).

Here, Trimfoot received a 30-day extension of time to answer AptusTech's complaint, making its answer due on April 22, 2019.  Thus, pursuant to Rule 12(b), the motion to dismiss for improper venue must have been filed "before pleading."  FED. R. CIV. P. 12(b).  Trimfoot filed its motion on April 22, 2019, prior to filing an answer.  Moreover, Trimfoot's motion to dismiss for improper venue was its first 12(b) motion in this case.  Thus, Trimfoot's motion is timely.

**II.    Venue**

Trimfoot asserts that venue is not proper in the Eastern District of Texas.  AptusTech disagrees.

Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b).  *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957); *TC Heartland LLC*, 137 S. Ct. at 1519 (holding § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions.").  Under § 1400(b), venue is only proper (1) in the district in which the defendant resides or (2) in a district "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b) (emphasis added).  The parties agree that venue is not proper under the first prong, thus, the only dispute in this case surrounds the second prong.  Under the second prong, a regular and established place of business must be (1) "a physical place in the district," (2) that is "a regular and established place of business," and (3) "it must be the place of the defendant."  *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

4

AptusTech argues that Trimfoot has regular and established places of business through four separate locations within the Eastern District of Texas, which were listed on Trimfoot's website at the time the Complaint was filed. Trimfoot counters that these are locations not "of the defendant."

Thus, the primary contention of this case is on this third element "of the defendant." The Federal Circuit has enumerated a number of factors to consider when determining whether a location is the place of the defendant. The first factor is "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *In re Cray*, 871 F.3d at 1363. Another factor is "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself." *Id.* at 1363–64. Courts also consider whether the signage represents the space as belonging to the defendant. *In re ZTE*, 890 F.3d at 1015. Further, courts consider the nature of the defendant's relationship with employees at the place and whether the defendant has any control over the employees at the place. *Id.* Another relevant factor that courts consider is whether the place was specified by the defendant or if it could be moved by the third-party without defendant's permission. *Id.* Finally, courts consider all relevant factors or attributes of the nature of the relationship between the defendant and the location. *Id.* at 1015–16.

As to this first factor, "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place", it is undisputed Trimfoot does not own or lease the stores at issue. *In re Cray*, 871 F.3d at 1363. In fact, the stores listed are independent retailers: the Allen Store is "the Gift Shop at the Presbyterian Hospital of Allen"; the Longview Store "is the Morgan Abbigail Clothing Store"; the Plano Store "is the Edge Meadow Store" and the Tyler Store "is Off the Wall Gift Store." (Dkt. #9, Exhibit 1 ¶ 8).

5

However, AptusTech asserts that it does not matter if Trimfoot does not rent or own the building because it is sufficient to merely rent a space within a larger space or a larger business. (Dkt. #16 at p. 7) (citing *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-cv-170-RWS-JDL, Dkt. #281 (E.D. Tex. May 1, 2018), *order adopting*, Dkt. #260 (E.D. Tex. March 9, 2018); *Peerless Network, Inc. v. Bltiz Telecom Consulting, LLC*, No. 17-cv-1725, 2018 WL 1478047 (S.D.N.Y. March 26, 2018); *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018). While AptusTech may be correct on the law, AptusTech provided no evidence that Trimfoot rented a space in any of the four stores. On the other hand, Trimfoot's Chief Operating Officer, Gary Gorsuch, declared that as opposed to Trimfoot leasing shelf space, the four stores at issue would "occasionally purchase[] footwear from Trimfoot for sale to their customers." (Dkt. #9, Exhibit 1 ¶ 9).

Even if Defendant does not rent or own the space, *In re Cray* considers whether the defendant exercises any attributes of control over the store. In this case this consideration also relates to the factor that considers the nature of the defendant's relationship with employees at the place and whether the defendant has any control over the employees at the place *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018). The Court is not convinced that Trimfoot exercises any control over these stores. As identified earlier, each of the stores listed in the Complaint are all independent retailers. These independent retailers purchase Trimfoot footwear and sell these shoes to their customers. (*See* Dkt. #9, Exhibit 1 ¶ 8). Gorsuch further testified that they have "very little" input about product placement or where or how to use displays that are provided. (Dkt. # 18, Exhibit 2 at 6:15–7:6). In fact, according to Gorsuch, Trimfoot does "not dictate any type of display" in a store and after a purchase order is filled there are no other obligations between the parties. (Dkt. #18, Exhibit 2 at 7:9–8:6).

6

Trimfoot's relationship with these stores differ greatly than the level of control that can be seen in *Tinnus*, a case cited by AptusTech as support for this consideration.  In *Tinnus*, the defendants, although only having a shelf space in a larger store, contracted with several third-parties to manage the space in larger stores and "to manage these merchandisers, report on the status of retail stores and help procure the best available space in the retail stores", and additionally controlled the product placement at the stores.  *Tinnus Enters., LLC*, No. 6:17-cv-170-RWS-JDL, Dkt. #281 at p. 5, *order adopting*, Dkt. #260.   Thus, based on the fact that Trimfoot does not own or rent the building, or own or rent space in the building, or exhibit any sort of control over the products once they are in the building, the Court finds that the his consideration does not support a finding of venue in this case.

As to the second factor, "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself," *In re Cray*, at 1363–64, Trimfoot listed stores within the district on its website, under a "store locator" tab.  (Dkt. #16, Exhibit 2 at pp. 76, 79, 85).  However, the locations all have the names of the independent retailers on them.  The website listings do not indicate that they are Trimfoot stores.  Thus, Trimfoot does not attempt to hold these stores out as its own on its website.

As to the third consideration, "whether the signage represents the space as belonging to the defendant," there is no evidence to suggest that Trimfoot has any signs at the four store locations. *In re ZTE*, 890 F.3d at 1015.

In relation to whether or not the place was specified by the defendant or if it could be moved by the third-party without defendant's permission, *In re ZTE*, 890 F.3d at 1015, there is no evidence that Trimfoot has any input over where these four locations conduct their business.

7

Indeed, it stands to reason that Trimfoot would not have any control over the location of an independent retailer.  Moreover, Gorsuch testified that he does not have any control over whether these retailers continue to buy Trimfoot's shoes.  Gorsuch explained that Trimfoot "call[s] on the account with our new products, and they may or may not purchase goods, depending upon their selection and competitive brands."  (Dkt. #18, Exhibit 2 at p. 6).  Further, he explained that the "purchase order serves pretty much as the agreement", as such, there are no future obligations from the stores.  (Dkt. #18, Exhibit 2 at p. 7).  Accordingly, this consideration does not support a finding that the stores are places of Trimfoot.  AptusTech has not presented the Court with any other factors relevant to the venue consideration in this case.

After a review of all the considerations in this case, the Court finds that the four stores are not places "of the defendant."  This case is akin to *EMED Technologies Corporation v. Repro-Med Systems, Inc.*, where Judge Bryson, sitting by designation in the Eastern District of Texas, determined that venue was not proper where a distributor merely sold a defendant's products within the district.  No. 2:17-cv-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018).  Judge Bryson explained that the distributor in that case "s[old] [defendant's] products, including [defendant's] allegedly infringing needles sets" and the defendant's "website direct[ed] potential customers in this district [to the distributor]".  *Id.*  However, Judge Bryson noted that "there is abundant case law from other district courts holding that a distributor's place of business cannot establish venue for its supplier," unless the distributor lacked a formal separateness from the supplier.  *Id.* (collecting cases).  Judge Bryson joined those cases in finding a distributor's location, even if that location is listed on the defendant's website, is insufficient to establish proper venue.  *See id.*

So too, the Court joins the vast number of other district courts, including those within this District, that have held an independent retailer, or a distributor, does not satisfy the requirement that the defendant has a regular and established place of business in the forum.  Moreover, even directing customers to that location from the defendant's website is insufficient to establish that the location is "of the defendant."  Since these four locations are not considered "of the defendant," venue is not proper within the Eastern District of Texas.

Because the Court finds that venue is improper, the Court turns to Defendants' request to transfer this case to the District of Missouri.  If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).  In this case, the Court finds that in the interest of justice, this case should be transferred to the Eastern District of Missouri, Eastern Division.[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss for Improper Venue (Dkt. #9) is hereby **GRANTED in part.**  The Court finds that venue is improper in the Eastern District of Texas and this case is hereby transferred to the United States District Court for the Eastern District of Missouri, Eastern Division.

**SIGNED this 12th day of March, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Trimfoot has its principal place of business at 115 Trimfoot Terrace, Farmington, Missouri 63640.  The City of Farmington is located in St. Francois County.  St. Francois County, as evidenced by the United States District Court for the Eastern District of Missouri's "Counties by Division" webpage, is located in the Eastern Division of the District.  *See* UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, https://www.moed.uscourts.gov/counties-division (last visited Mar. 12, 2020).

9